FILED

2014 JAN -6  AM 10: 21

1   E. JOSEPH CONNAUGHTON (SBN 166765)
    jconnaughton@paulplevin.com
2   AARON A. BUCKLEY (SBN 202081)
    abuckley@paulplevin.com
3   JEFFREY P. MICHALOWSKI (SBN 248073)
    jmichalowski@paulplevin.com
4   **PAUL, PLEVIN, SULLIVAN &**
    **CONNAUGHTON LLP**
5   101 West Broadway, Ninth Floor
    San Diego, California  92101-8285
6   Telephone: 619-237-5200
    Facsimile: 619-615-0700
7
    Attorneys for Defendant
8   KELLY SERVICES, INC.

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12  DAVID E. BRENT,               CV14-00090 - MMM (CWx)
                                  CASE NO.
13          Plaintiff,
                                  **NOTICE OF REMOVAL OF ACTION**
14      v.                        **BY DEFENDANT KELLY SERVICES,**
                                  **INC.**
15  KELLY SERVICES, INC., a foreign
    corporation doing business in   **[Federal Question Jurisdiction**
16  California; and DOES 1-10       **Pursuant to 28 U.S.C. §§ 1331 and 1441]**
    inclusive,
17
            Defendants.
18

19

20      TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT

21  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF

22  DAVID E. BRENT, AND HIS ATTORNEYS OF RECORD:

23      PLEASE TAKE NOTICE that Defendant Kelly Services, Inc. ("Kelly")

24  hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1331

25  and § 1441, and removes the above-entitled action to this Court from the Superior

26  Court of California, County of Los Angeles.  Removal of this action is based on the

27  following facts:

28  ///

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF REMOVAL OF ACTION BY          1
DEFENDANT KELLY SERVICES, INC.



1.    On or about August 30, 2013, an action was filed in the Superior Court of the State of California, County of Los Angeles, entitled *David E. Brent v. Kelly Services, Inc.; and Does 1 to 10*, as case number BC519964.

2.  On December 6, 2013, Defendant was served with a copy of the complaint for damages, a summons from the state court, a notice of case assignment, a stipulation for an early organizational meeting, a stipulation for discovery resolution, a stipulation and order regarding motions in limine, and an initial status conference order.  A true and correct copy of the complaint is attached as Exhibit A.  True and correct copies of the supporting documents are attached as Exhibit B.

3.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court.  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## FEDERAL QUESTION JURISDICTION

4.  Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This Court has original jurisdiction to decide this matter under 28 U.S.C. § 1331, and this matter is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action founded on a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").  The FCRA specifically provides that actions may be brought in federal district court without regard to the amount in controversy.  15 U.S.C. § 1681p.

5.  Removal to this Court for federal question jurisdiction requires that the federal question be supported by a "well-pleaded complaint."  *Merrell Dow Pharmaceuticals, Inc. v. Thompson* (1986) 478 US 804, 807–808.  In essence, the grounds for removal must be apparent on the face of the complaint. *Id*.  Here,

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT KELLY SERVICES, INC.

1  Plaintiff has specifically alleged a violation of the FCRA as the sole cause of

2  action.  (*See* Exhibit A, ¶ 57.)  Accordingly, the face of the complaint demonstrates

3  the applicable federal question.

4

5   Dated:  January 3, 2014                PAUL, PLEVIN, SULLIVAN &
                                          CONNAUGHTON LLP

6

7                                By: _____
                                    E. JOSEPH CONNAUGHTON

8                                    AARON A. BUCKLEY
                                    JEFFREY P. MICHALOWSKI

9                                    Attorneys for Defendant
                                    KELLY SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1 | LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
2 | P.O. Box 7165
Alhambra, CA 91802
3 | Ph: (310) 430-9933
Fax: (323) 563-3445
4 | devin@devinfoklaw.com
5 |
6 |

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**AUG 30 2013**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

7 |          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 |          **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

**BC519964**

9 |                                               ) CASE No.
10 |                                              )
                                                  ) **CLASS ACTION COMPLAINT FOR**
11 | DAVID E. BRENT, individually,               ) **VIOLATIONS OF THE FAIR CREDIT**
                                                  ) **REPORTING ACT. 15 U.S.C. §1681** *et seq.*
12 |          Plaintiff(s),                       )
                                                  )
13 |     vs.                                      )
                                                  ) **JURY TRIAL DEMANDED**
14 |                                              )
15 | KELLY SERVICES, INC., a foreign             )
corporation doing business in California; and     )
16 | DOES 1-10 inclusive,                        )
          Defendants.                             )
17 |                                              )
18 |                                              )
19 |                                              )
20 | _____  )
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

                                    CLASS ACTION COMPLAINT

                                         **Exhibit A**
                                             **1**

1    Plaintiff DAVID E. BRENT (hereafter as "Plaintiff") complains against Defendants

2  KELLY SERVICES, INC., and DOES 1-10 inclusive (hereafter as "KELLY" or "Defendant"),

3  and alleges as follows:

4

5                              **NATURE OF THE ACTION**

6

7    1.    Ninety-two percent of all employers, including KELLY, routinely obtain consumer

8  reports on prospective and existing employees. Employers, including KELLY, frequently rely on

9  such information as a basis for adverse employment action, e.g., denial of employment.[1]

10   2.    Background check companies, or consumer reporting agencies, provide consumer

11  reports based on criminal history data maintained in their own proprietary databases. These

12  companies compile information from various sources including state and federal criminal record

13  repositories.

14   3.    Many large-scale employers, including KELLY, rely on consumer reporting

15  agencies to determine job applicants' eligibility for employment. This determination is made

16  without the employer independently reviewing the applicant's consumer report, and without

17  providing the employee with an opportunity to dispute the information contained therein.

18   4.    Plaintiff was hired by KELLY as a healthcare provider pending, *inter alia*, a

19  successful background check.

20   5.    He was subsequently rejected from employment based solely on the information

21  disclosed in a consumer report. The consumer reporting agency Verifications, Inc.

22  ("VERIFICATIONS"), determined that Plaintiff was "unfavorable" for employment.

23   6.    On the basis of the information disclosed in Plaintiff's consumer report, KELLY

24  services terminated Plaintiff before his first schedule start.

25

26

---

27  [1] EEOC Enforcement Guidance, *Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, as amended,* 42 U.S.C. §2000 et seq. (April 25, 2012), p. 6

28  (http://www.eeoc.gov/laws/guidance/upload/arrest_conviction.pdf (last visited May 31, 2012)).

2

CLASS ACTION COMPLAINT

**Exhibit A**

**2**

7. Plaintiff was never provided with any pre-adverse action notice from KELLY. Instead, KELLY summarily terminated Plaintiff without disclosing to him a copy of the consumer report KELLY received from the consumer reporting agency. KELLY never provided Plaintiff with a copy of the report. KELLY refused multiple requests by Plaintiff and his representative to obtain a copy of the report. More egregiously, KELLY refused to even provide the name, phone number, and address of the consumer reporting agency that furnished the consumer report.

8. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, imposes certain duties on users of consumer reports, including employers.

9. Under 15 U.S.C. § 1681b(b)(3)(A), *before* taking any adverse employment action based in whole or in part on a consumer report, the employer must provide to the job applicant:

  a. a copy of the consumer report;

  b. a description in writing of the rights of the consumer under the FCRA; and

  c. a reasonable opportunity to dispute the information before rendering the adverse employment decision.

10. After an adverse action occurs, the consumer job applicant must receive a second notice, mandated by 15 U.S.C. § 1681m(a). (Hereafter, Plaintiff will refer to the first of those notices as the "pre-adverse action notice," and the second as the "adverse action notice.")

11. The reasons for the pre-adverse action notice requirement in employment situations are to alert the job applicant that he is about to be rejected based on the content of a report, and to give him an opportunity to challenge the accuracy or relevancy of the information with the credit reporting agency or the employer before the job prospect is lost.

12. Congress recognizes that these rights are extremely important to the consumer and help "to insure that consumer reporting agencies exercise their *grave responsibilities* with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4) (emphasis added).

13. The pre-adverse action notice requirement is unqualified. "Employers must comply with the pre-adverse action disclosure requirement even where the information contained in the consumer report (such as a criminal record) would automatically disqualify the individual

3

1  from employment or lead to an adverse employment action." FTC, *40 years of Experience with*
2  *the Fair Credit Reporting Act* (July 2011) p. 53.

3      14.    This requirement makes sense because even where the applicant was justly denied
4  employment, he would be informed that his criminal history was a factor in the employer's
5  adverse employment decision, and would be motivated to seek various state remedies to expunge
6  his criminal records. In California, this is called a dismissal pursuant to Penal Code § 1203.4.

7      15.    To ensure knowing compliance with FCRA, Congress further requires that before
8  any consumer reporting agency may provide consumer reports on an applicant, the reporting
9  agency must have obtained a certification from the employer that it will comply with 15 U.S.C. §
10  1681b(b)(3) by providing the consumer with a pre-adverse action notice whenever the employer
11  decides to take adverse action based in whole or in part on the consumer report.  15 U.S.C.
12  §1681b(b)(1)(A).

13      16.    KELLY knowingly, voluntarily, and with the assistance of its counsel, executed a
14  certification providing that it would comply with various provisions of the FCRA, including
15  providing a pre-adverse and adverse action notice, whenever adverse action was contemplated or
16  taken based in whole or in part on information contained in a consumer report.

17      17.    Despite its certification, KELLY knowingly violated 15 U.S.C. § 1681b(b)(3) and
18  15 U.S.C. § 1681m(a) by failing to provide its job applicants and employees with pre-adverse
19  action and adverse action notices.

20      18.    Based on these violations, Plaintiff asserts FCRA claims against KELLY on behalf
21  of himself and those similarly situated for KELLY's intentional failure to provide the notices as
22  described above.

23

24                          **JURISDICTION AND VENUE**

25      19.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

26      20.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)(2).  Plaintiff
27  resides in this district, the wrongs alleged herein occurred in this district, and Defendant regularly
28  conducts business in this district.

**CLASS ACTION COMPLAINT**
**Exhibit A**
**4**

## THE PARTIES

21.     Plaintiff DAVID BRENT is, and at all times relevant hereto was, an individual over the age of 18 and a resident of Los Angeles County, California.

22.     Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c) because he is an individual.

23.     Defendant KELLY SERVICES, INC. is an employment staffing that conducts business throughout the United States, including in Los Angeles County, California.  KELLY has its headquarters and principal place of business in Troy Michigan.

24.     At all times pertinent hereto, KELLY was a user of consumer reports and is subject to regulation under 15 U.S.C. § 1681b.

## FACTUAL ALLEGATIONS

25.     Between 2005 to 2008, Plaintiff were convicted in three criminal offenses: 1) 2005 possession of controlled substance; 2) 2006 false personation; and 3) battery.

26.     Three years later, on or about August 30, 2011, Plaintiff applied for work with KELLY.  Plaintiff successfully completed and/or passed all conditions except the background check.

27.     On or about September 1, 2011, KELLY sent a request for a background check on Plaintiff to VERIFICATIONS.

28.     On or about May 12, 2011, KELLY received a consumer report which adjudicated Plaintiff as "unfavorable" for employment.

29.     Relying on this information, KELLY determined that Plaintiff did not pass the criminal background check and summarily terminated Plaintiff from employment.

30.     KELLY did not issue a notice to Plaintiff either prior to or following the adverse action.

31.     Plaintiff never received a pre-adverse action or adverse action notice from KELLY.

5

CLASS ACTION COMPLAINT

**Exhibit A**

**5**

1   32.   Plaintiff never received a copy of his background check report from KELLY.

2   33.   Plaintiff was deprived of any opportunity to review the information in the

3   consumer report and discuss it with his employer before KELLY made the decision not to hire

4   him.

5   34.   On or about November 16, 2011, Plaintiff, through his counsel requested a copy of

6   his employment files including a copy of his consumer report furnished by VERIFICATIONS.

7   35.   On or about December 9, 2011, KELLY provided Plaintiff's employment files but

8   intentionally withheld Plaintiff's consumer report from production.

9   36.   Plaintiff's counsel again requested a copy of his consumer report but KELLY

10  nevertheless refused to provide Plaintiff with his consumer reporting citing to inapplicable

11  provisions detailed on the California Department of Industrial Relations website

12  http://www.dir.ca.gov/dlse/faq_righttoinspectpersonnelfiles.htm.

13  37.   It was not until Plaintiff's counsel observed in the fine print of a document entitled

14  "BACKGROUND SCREENING NOTICE, DISCLOSURE, AND AUTHORIZATION" that

15  disclosed VERIFICATIONS as the consumer reporting agency was Plaintiff able to obtain a copy

16  of the subject consumer report directly from the consumer reporting agency.

17  38.   KELLY knew, or should have known its duties under the FCRA to provide pre-

18  adverse and adverse action notices compliant with 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. §

19  1681m(a). Nevertheless, KELLY intentionally, recklessly, and/or gross negligently failed to

20  provide the same to consumers.

21  39.   During the relevant period, VERIFICATIONS provided, and continues to provide,

22  consumer reports to KELLY under a service agreement. Plaintiff is informed and believes that

23  under the service agreement, KELLY certified to VERIFICATIONS that it would comply with

24  the FCRA, including provisions specifically and directly relating to its duty to provide pre-

25  adverse action and adverse action notices to its job applicants and employees.

26  40.   KELLY knowingly, voluntarily, and with the assistance of its counsel signed the

27  service agreement including the above-mentioned certification.

28

6

CLASS ACTION COMPLAINT

41.     Moreover, on a document titled "BACKGROUND SCREENING NOTICE DISCLOSURE, AND AUTHORIZATION" signed by Plaintiff which purportedly authorized KELLY to obtain a consumer report on Plaintiff, KELLY discloses that "[u]pon written request to Kelly, I have the right to be informed when a consumer report or investigative consumer report is conducted, the nature and scope of the inquiry, and the name and address of the consumer reporting agency providing the report."

42.     Therefore, KELLY is well-aware of its obligations to provide pre-adverse action and adverse action notices to its job applicants and employees whenever it decides to take adverse action.   Nevertheless, KELLY neither directly provides such notices nor contracts with VERIFICATIONS to do so.

43.     Among its service offerings, VERIFICATIONS provides a service called "Adverse Action Processing," which purports to assist the employer in complying with the FCRA by automatically generating and mailing pre-adverse action and adverse action notices to the consumer along with a copy of the consumer report under the employer's letterhead whenever there has been an adverse adjudication by VERIFICATIONS based on the pre-determined criteria supplied by KELLY.   *See* http://www.verificationsinc.com/eng/whatwedo/adverse_action.cfm (last visited on August 26, 2013).

44.     Consumer reporting agencies routinely provide a similar service and many employers purchase it.   KELLY could have easily and cost-effectively complied with the mandates of the FCRA by purchasing this service, but failed to do so.

45.     KELLY knew or had reason to know that its conduct was inconsistent with published Federal Trade Commission ("FTC") guidance interpreting the FCRA and the plain language of the statute.

//
//
//
//
//

7

CLASS ACTION COMPLAINT
**Exhibit A**
**7**

## CLASS ACTION ALLEGATIONS

46.   KELLY's practices and procedures described herein affected and continue to affect Plaintiff and other consumers who have been subject to an adverse employment action on the basis of information in consumer reports.

47.   Plaintiff asserts his claims in Counts 1 on behalf of a Putative Class defined as follows:

> All natural persons residing in the United States who, within five years from the filing of this action, were the subject of a consumer report prepared at the request of KELLY for employment purposes and who were subject to an adverse employment action based on that report.

48.   Numerosity: The Class is so numerous that joinder of all members is impracticable. KELLY regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff is informed and believes that, during the relevant time period, KELLY failed to provide a pre-adverse action or adverse action notice to thousands of employees and prospective employees. The numerosity of the proposed class satisfies the definition of the Putative class.

49.   Commonality: There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. Those questions include:

(a) whether KELLY violated 15 U.S.C. § 1681b(b)(3)(A) by failing to provide pre-adverse action notice to consumers before taking adverse action in whole or in part based on a consumer report; and

(c) whether KELLY's violations were willful.

50.   Typicality: Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories. KELLY typically uses consumer reports to conduct background checks on employees and prospective employees. KELLY typically contingently hires these employees prior to conducting background checks, and only orders background checks after it has been determined that employees are qualified for the

8

1   position.  KELLY routinely takes adverse action based in whole or in part on consumer reports,

2   and denies employment to consumers who do not receive a "green" adjudication.  Finally,

3   KELLY typically does not provide pre-adverse action and adverse action notices to these

4   consumers prior to or following the taking of adverse action, respectively.  The FCRA violations

5   suffered by Plaintiff are typical of those suffered by other Putative Class members, and KELLY

6   treated Plaintiff consistently with other Putative Class members in accordance with its standard

7   policies and practices.

8       51.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is

9   committed to vigorously litigating this matter and has no conflict with the Class.  Plaintiff has

10  secured counsel experienced in handling civil rights and consumer class actions.

11      52.    This action should be maintained as a class action pursuant to Rule 23(b)(3)

12  because the questions of law and fact common to Class Members predominate over any questions

13  affecting only individual Class members, and a class action is a superior method for the fair and

14  efficient adjudication of this controversy.   The interest of Class Members in individually

15  controlling the prosecution of separate claims against KELLY is small.  Management of the Class

16  claims will avoid inconsistent judgments and result in a more efficient use of judicial resources

17  than resolving these same issues in many individual cases.

18      53.    KELLY, solely or in combination with VERIFICATIONS, maintains records

19  based on which all class members can be identified.  These records also contain address

20  information.  Upon certification, Plaintiffs will send class notice via first class mail to all

21  members of the class, such notices to be mailed to class members' last known address as

22  determined by comparing KELLY's information with the National Change of Address database.

23

24                          **COUNT 1**
                **Violation of the Fair Credit Reporting Act**
25                   **15 U.S.C. §§ 1681b(b)(3)(A)**
                 **(on behalf of Plaintiff and the Class)**
26

27      54.    Plaintiff realleges and incorporates each of the foregoing paragraphs as though

28  fully set forth herein.

CLASS ACTION COMPLAINT

55. KELLY used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Putative Class.

56. KELLY violated the FCRA by failing to provide Plaintiff and other Putative Class members, prior to taking adverse action, with notice that adverse action would be taken in whole or in part based on a consumer report, along with a copy of the consumer report and a compliant description in writing of the rights of the consumer.

57. The foregoing violations were willful. KELLY acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(3)(A). The willfulness of KELLY's conduct is reflected by, among other things, the following facts:

a. Based on the plain language of the statute, legal advice provided by its own general counsel or outside employment counsel, and published FTC guidance, KELLY knew or should have known that its failure to provide pre-adverse action notice was unlawful.;

b. Moreover, based on the certification executed and memorialized by VERIFICATIONS and itself, KELLY explicitly acknowledged that it has the duty to provide a pre-adverse action notice as specified under the FCRA;

c. KELLY could have complied with the statutory duty to provide a pre-adverse action notice either by sending the notice directly to the affected consumer job applicant, or by contracting with VERIFICATIONS to do so on its behalf;

d. Despite the clear notice of the law, full ability to comply, and ample opportunity, KELLY failed to adopt any measure which would have provided the required notice to Plaintiff and the Class.

58. Plaintiff and the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

59. Plaintiff and the Putative Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

CLASS ACTION COMPLAINT
Exhibit A
10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the proposed Classes:

1.     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

2.     That judgment be entered against KELLY and in favor of Plaintiff and Class members for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

3.     That judgment be entered against KELLY for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4.     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

5.     That the Court grant such other and further relief as may be just and proper.


DATED: August 30, 2013

By: _____
THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

11

CLASS ACTION COMPLAINT

**Exhibit A**

**11**

1

2    **DEMAND FOR JURY TRIAL**

      Plaintiff hereby requests and demands a jury trial on all issues triable by jury.
3

4

5    DATED: August 30, 2013

6                                      By: _____
7                                      THE LAW OFFICES OF DEVIN H. FOK
                                       Devin H. Fok (SBN #256599)
8                                      P.O. Box 7165
                                       Alhambra, CA 91802-7165
9                                      Phone: (310) 430-9933
                                       Fax: (323) 563-3445
                                       devin@devinfoklaw.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      12

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
12/06/2013
CT Log Number 524014191

TO:     Mailbox Employment
        KELLY SERVICES, INC.
        999 W Big Beaver Rd
        Troy, MI 48084

RE:     **Process Served in California**

FOR:    Kelly Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David E. Brent, etc., Pltf. vs. Kelly Services, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand for Jury Trial, Instructions, Stipulations, Informal Discovery Conference, Stipulation and Order, Attachment(s), Order, Proof of Service, Cover Sheet, Instructions, Addendum and Statement |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # BC519964 |
| **NATURE OF ACTION:** | Violation of the Fair Credit Reporting Act - Defendant failed to provide plaintiff and other Putative Class members, prior to taking adverse action, with notice that adverse action would be taken in whole or in part based on a consumer report, along with a copy of the consumer report and a compliant description in writing of the rights of the consumer |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/06/2013 at 09:25 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Devin H. Fok<br>Law Offices of Devin H. Fok<br>PO Box 7165<br>Alhambra, CA 91802<br>310-430-9933 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/09/2013, Expected Purge Date: 12/14/2013<br>Image SOP<br>Email Notification, Mailbox Employment employlaw@kellyservices.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Exhibit B**
**13**

12/6/2013
9:25

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 30 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

KELLY SERVICES, INC., a foreign corporation doing business in California; and DOES 1-10 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

DAVID E. BRENT, individually.

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
(El nombre y dirección de la corte es):

LOS ANGELES SUPERIOR COURT
111 NORTH HILL STREET
LOS ANGELES, CA 90012

**CASE NUMBER:**
**(Número del Caso):** BC519964

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

DATE: AUG 30 2013          Clerk, by _____, Deputy
(Fecha)                    JOHN A. CLARKE  (Secretario)   Shaunya Wesley  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit B**
**14**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

BC519964

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge William F. Highberger | 307 | 1402 |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

#### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross complaint may be filed by any party after their answer is filed. Cross complaints shall be served within 30 days of the filing date and proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to Plaintiff/Cross-Complainant/Attorney of Record on _____.

JOHN A. CLARKE, Executive Officer/Clerk

By _____ , Deputy Clerk

### Exhibit B
15

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**Exhibit B
16**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Exhibit B
17

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.
        (INSERT DATE)              (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)
        ➤  _____
            (ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)
        ➤  _____
            (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
          _____
            (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
        ➤  _____
            (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
        ➤  _____
            (ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)
        ➤  _____
            (ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)
        ➤  _____
            (ATTORNEY FOR _____)

Exhibit B
18

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11                **STIPULATION – DISCOVERY RESOLUTION**                Page 1 of 3

**Exhibit B**

**19**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

Exhibit B
20

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:
_____
(TYPE OR PRINT NAME)
    ➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)
    ➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
    ➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
    ➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
    ➤ _____
(ATTORNEY FOR_____)

Date:
_____
(TYPE OR PRINT NAME)
    ➤ _____
(ATTORNEY FOR_____)

Date:
_____
(TYPE OR PRINT NAME)
    ➤ _____
(ATTORNEY FOR_____)

Exhibit B
21

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**Exhibit B**
**22**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Exhibit B

23

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

Exhibit B
24

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/19/13                                                     DEPT. 308

HONORABLE JANE JOHNSON              JUDGE   M. CERVANTES        DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
Add On
         C. CONCEPCION, C.A.    Deputy Sheriff  NONE              Reporter

---

BC519964                                    Plaintiff
                                            Counsel
DAVID E BRENT
                        VS                  Defendant
                                            Counsel
KELLY SERVICES INC
                                                    NO APPEARANCES

---

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
November 22, 2013, at 2:45 p.m. in Department 308.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of   3      DEPT. 308

**MINUTES ENTERED**
09/19/13
COUNTY CLERK

**Exhibit B**
25

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/19/13                                                    DEPT. 308

HONORABLE JANE JOHNSON          JUDGE   M. CERVANTES          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
Add On
              C. CONCEPCION, C.A.    Deputy Sheriff  NONE           Reporter

| | | |
|---|---|---|
| BC519964 | Plaintiff Counsel | |
| DAVID E BRENT | | |
| **VS** | Defendant Counsel | |
| KELLY SERVICES INC | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section
170.6.

According to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee
of $1,000.00 to the Los Angeles Superior Court within
10 calendar days from this date.

The plaintiff must serve a copy of this minute order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the September 19, 2013, Minute Order
and Initial Status Conference Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated:   September 19, 2013

              Page   2 of   3   DEPT. 308

**MINUTES ENTERED**
09/19/13
COUNTY CLERK

**Exhibit B**
26

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/19/13 | | DEPT. 308 |
| HONORABLE JANE JOHNSON | JUDGE | M. CERVANTES | DEPUTY CLERK |
| HONORABLE Add On | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| C. CONCEPCION, C.A. | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC519964 | Plaintiff Counsel | |
| DAVID E BRENT | | |
| VS | Defendant Counsel | |
| KELLY SERVICES INC | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Sherri R. Carter, Executive Officer/Clerk

By: _____
        M. Cervantes, Deputy Clerk

LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq.
P.O. Box 7165
Alhambra, CA 91802

Page   3 of   3   DEPT. 308

MINUTES ENTERED
09/19/13
COUNTY CLERK

Exhibit B
27

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 19 2013

Sherri R. Carter, Executive Officer/Clerk
By: Martha Cervantes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| DAVID E. BRENT, individually, | Case No.: BC519964 |
| Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| vs. | Case Assigned for All Purposes to Judge Jane L. Johnson |
| KELLY SERVICES, INC., etc., et al., | |
| Defendants. | Department: 308 |
| | Date:   November 22, 2013 |
| | Time:   2:45 p.m. |

This case has been assigned for all purposes to Judge Jane L. Johnson in the Complex Litigation Program.  An Initial Status Conference is set for November 22, 2013, at 2:45 p.m. in Department 308 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005.   Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

**Exhibit B**
**28**

must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and , if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any

-2-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**Exhibit B**
**29**

relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1].  Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles

---

[1] See Code Civ. Proc. § 437c, subd. (s)

**Exhibit B
30**

-3-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

---

[2] See California Rule of Court, Rule 3.768.

**Exhibit B**
**31**

-4-

1  ■ Case Anywhere (www.caseanywhere.com),

2  ■ CaseHomePage (www.casehomepage.com), or

3  ■ File & Serve Express (www.lexisnexis.com/fileandserve).

4      Please agree on one and submit the parties' choice when filing the Joint Initial Status

5  Conference Class Action Response Statement. If there is agreement, please identify the vendor. If

6  parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic

7  service is not the same as electronic filing. Only traditional methods of filing by physical delivery

8  of original papers or by fax filing are presently acceptable.

9

10      **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

11  "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

12  court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the

13  facts on which the party relies. The declaration must clearly state whether consideration, direct or

14  indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the

15  parties have settled the class action, that too will require judicial approval based on a noticed

16  motion (although it may be possible to shorten time by consent for good cause shown).

17

18      **Reminder When Seeking Approval of a Settlement:**

19  Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary

20  approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of

21  Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

22  Pending further order of this Court, and except as otherwise provided in this Initial Status

23  Conference Order, *these proceedings are stayed in their entirety*. This stay precludes the filing of

24

25  any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;

26  _____

27  [3] California Rule of Court, Rule 3.770(a)

28

**Exhibit B
32**

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

If all parties have been served, have conducted the required meet and confer, and are ready to fully participate in the status conference prior to the assigned date, counsel may contact the clerk of Department 308 and request an earlier date for the Initial Status Conference.


Dated: September 19, 2013


**JANE L. JOHNSON**

_____

Judge Jane L. Johnson


**Exhibit B**
**33**

-6-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

## PROOF OF SERVICE

I, the undersigned, declare that I am a citizen of the United States and work in the City of Los Angeles, County of Los Angeles, that I am over the age of eighteen (18) years and not a party to the within cause; that my business address is PO Box 7165, Alhambra, CA 91802, and that on the date set out below I served a true copy of the attached:

- PLAINTIFF DAVID E. BRENT'S COMPLAINT PACKAGE AGAINST DEFENDANT KELLY SERVICES, INC.

On the following parties at the addresses set for the below:

CT Corporation System

818 West Seventh Street

Los Angeles, CA 90017

By the following method:

___ (BY REGULAR MAIL)  I caused such envelopes to be delivered to the office(s) thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California.

_X__ (BY PERSONAL DELIVERY)  I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

____(BY FACSIMILE) I caused such copies to be sent with same day service.

I declare under penalty of perjury that the above statements are true and correct. This statement is executed in Los Angeles, California on December 6, 2013.

John Carlo Balcita

**Exhibit B**
**34**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Devin H. Fok (#256599)
P.O. Box 7165
Alhambra, CA 91802

TELEPHONE NO.: 310-430-9933    FAX NO.: 323-563-3445
ATTORNEY FOR (Name): Plaintiff David E. Brent

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Brent v. Kelly Services, Inc.

**CONFORMED COPY OF ORIGINAL FILED**
Los Angeles Superior Court

AUG 30 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

CASE NUMBER:
BC519964

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/30/2013
Devin H. Fok
_____ (TYPE OR PRINT NAME)    _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Exhibit B**
35

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**                 Page 2 of 2

**Exhibit B
36**

| SHORT TITLE: Brent v. Kelly Services, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10  ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**Exhibit B
37**

| SHORT TITLE: Brent v. Kelly Services, Inc. | | CASE NUMBER |
|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 Quiet Title | 2., 6. |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**Exhibit B**

**38**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Brent v. Kelly Services, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**Exhibit B**
**39**

| SHORT TITLE: Brent v. Kelly Services, Inc. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 21300 Victory Blvd., Ste. 1190 |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: Woodland Hills | STATE: CA · ZIP CODE: 91367 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 8/30/2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit B
40

*Brent v. Kelly Services, Inc.*
United States District Court, Central District of CA, Case No. _____

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, the County of San Diego, California, and my business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth Floor, San Diego, California 92101-8285.

On January 6, 2014, I caused to be served the following document(s):

- **NOTICE OF REMOVAL OF ACTION BY DEFENDANT KELLY SERVICES, INC.**

on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

Devin H. Fok
Law Offices of Devin H. Fok
P.O. Box 7165
Alhambra, CA 91802
Telephone: (310) 430-9933
Facsimile: (323) 563-3445
E-Mail: devin@devinfoklaw.com
**Attorneys for Plaintiff(s)**

☑     (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully prepaid postage, I placed each for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

Executed January 6, 2014, at San Diego, California.

*Jennifer Duran*
JENNIFER DURAN

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) DAVID E. BRENT | DEFENDANTS ( Check box if you are representing yourself ☐ ) KELLY SERVICES, INC. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Devin H. Fok (SBN 256599) Law Offices of Devin H. Fok P.O. Box 7165 Alhambra, CA 91802 (310) 430-9933 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) E. JOSEPH CONNAUGHTON (SBN 166765). Paul, Plevin, Sullivan & Connaughton LLP 101 West Broadway, Ninth Floor San Diego, CA 92101 (619 237-5200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
U.S.C. §§ 1331 and 1441)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 240 Torts to Land | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: CV14-00090

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (0 9/13)   CIVIL COVER SHEET   Page 1 of 2
CCD-CV71

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Michigan / Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: January 3, 2014

Aaron A. Buckley

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

*Brent v. Kelly Services, Inc.*
United States District Court, Central District of CA, Case No. _____

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, the County of San Diego, California, and my business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth Floor, San Diego, California 92101-8285.

On January 6, 2014, I caused to be served the following document(s):

- **CIVIL COVER SHEET**

on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

Devin H. Fok
Law Offices of Devin H. Fok
P.O. Box 7165
Alhambra, CA 91802
Telephone: (310) 430-9933
Facsimile: (323) 563-3445
E-Mail: devin@devinfoklaw.com
**Attorneys for Plaintiff(s)**

☑ (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully prepaid postage, I placed each for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

Executed January 6, 2014, at San Diego, California.

JENNIFER DURAN

PAUL PLEVIN
SULLIVAN &
CONNAUGHTON LLP

PROOF OF SERVICE                                   1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Margaret M. Morrow _____ and the assigned Magistrate Judge is _____ Carla Woehrle _____ .

The case number on all documents filed with the Court should read as follows:

## 2:14-cv-00090-MMM(CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 6, 2014                          By   APEDRO
_____                              _____
Date                                         Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] Western Division          [ ] Southern Division          [ ] Eastern Division
312 N. Spring Street, G-8         411 West Fourth St., Ste 1053      3470 Twelfth Street, Room 134
Los Angeles, CA 90012            Santa Ana, CA 92701              Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES